UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DALE SPENCER,

       Plaintiff,                                         Case No. 24-cv-11723
                                                               Hon. Matthew F. Leitman

v.

RAVI,

       Defendant.
_____/

**ORDER REQUIRING SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED PRISON OFFICIAL**

    Plaintiff, Ronald Dale Spencer, is an inmate currently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. On July 9, 2024, Magistrate Judge David R. Grand signed an order of deficiency, which required Plaintiff to either pay the $ 350.00 filing fee in full, or in the alternative, to provide a signed certification of his trust account from an authorized prison official and a current computerized trust fund statement of his prison account within thirty days of the order.

    On July 25, 2024, Plaintiff provided this Court with a copy a current computerized prison trust fund account. (ECF No. 6). The trust fund account statement, however, was not signed by a prison official to attest to its authenticity. Plaintiff's application is still deficient because he failed to submit a signed

certification regarding his prison trust fund account, in that it is not signed by a prison official. Instead, Plaintiff claims that the trust account fund is certified because he signed the trust account statement.

28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff has failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner

2

to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. Jan. 30, 2009).

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow a prisoner to correct a deficiency with his pleadings. *See McGore v. Wrigglesworth,* 114 F. 3d at 605. This Court believes that Plaintiff is entitled to an extension of time to attempt to fully correct the deficiency.

Accordingly, unless Plaintiff chooses to pay the filing fee of $ 350.00 in full, the Court **ORDERS** him to provide a financial certificate signed by Plaintiff's custodian or designee. If Plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126