UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DALE SPENCER,

       Plaintiff,                          Case No. 24-cv-11723
                                                   Hon. Matthew F. Leitman

v.

RAVI,

       Defendant.
_____/

## ORDER DISMISSING ACTION WITH PREJUDICE
## FOR FAILURE TO PROSECUTE

On July 14, 2025, the Court held an on-the-record video status conference in this matter. Prior to setting the date and time for the conference, the Court's staff confirmed with counsel for both parties that the date and time worked for each of them. After confirming that the date and time worked, Plaintiff's counsel failed to appear for the July 14 conference.

Then, on July 14 (after the non-appearance by Plaintiff's counsel), the Court entered an order re-setting the status conference for July 18, 2025. (*See* Order, ECF No. 33.) In the order, the Court specifically directed counsel for Plaintiff to appear for the conference and warned counsel that failure to appear could result in "the imposition of sanctions, up to and including dismissal of this action with prejudice." (*Id.*, PageID.124.) The order was served on Plaintiff's counsel by electronic delivery

1

at the same time it was entered on July 14. Also on July 14, the Court's staff sent Plaintiff's counsel an email with the Zoom log-in information for the conference. Plaintiff's counsel nonetheless failed to appear for the conference on July 18, 2025.

At no time prior to either of the conferences did Plaintiff's counsel contact the Court to ask for a change in the scheduling of the status conferences and/or to explain her failures to appear. In addition, during the July 18, 2025, conference, counsel for Defendant explained that he had tried to call Plaintiff's counsel, that he had gotten her voicemail and intended to leave a message, but was unable to leave a message because her mailbox was full. Simply put, it appears to the Court that Plaintiff's counsel – who, admittedly, appeared to be vigorously prosecuting the case after she initially appeared in the action – has failed to take the steps necessary to continue meaningful participation in this action.

After the July 18 conference concluded without Plaintiff's counsel appearing, Plaintiff's counsel called the Court's staff and left a message indicating that she did not receive notice of that conference until after the conference had concluded. That seems difficult to accept in light of the fact that the Court sent electronic notice of the hearing to Plaintiff's counsel in two forms – delivery of the order through the ECF system and the email from the Court's staff with the Zoom information – several days before the conference. Moreover, the claimed late receipt of notice of

the July 18 conference says nothing about why Plaintiff's counsel failed to appear for the July 14 conference.

Accordingly, for these reasons and for the reasons explained in substantially more detail on the record on July 18, 2025 (including an analysis of the four factors under the governing legal standard), this action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 18, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126