UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DALE SPENCER,

Plaintiff,

v.

Case No. 24-cv-11723
Hon. Matthew F. Leitman

DR. POLAVARAPU,

Defendant.

_______________________________________/

**ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 53), (2) DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE (ECF No. 50), AND (3) TERMINATING DEFENDANT'S MOTION TO DISMISS (ECF No. 52) WITHOUT PREJUDICE**

Plaintiff Ronald Dale Spencer, appearing through retained counsel, is a state inmate incarcerated at the Macomb Correctional Facility. In this action, Spencer brings claims against Dr. Ravi Polavarupu, his prison psychiatrist. Spencer alleges, among other things, that Dr. Polavarupu "intentionally ignored [his] obvious and serious medical needs" when Dr. Polavarupu "intentionally and knowingly took [him] off his medication and put him on Haldol against his will." (First Am. Compl. at ¶¶ 7-8, ECF No. 50, PageID.231.)

Dr. Polavarupu moved to dismiss Spencer's First Amended Complaint on August 28, 2026. (*See* Mot., ECF No. 52.) Spencer's response to the motion was due no later than September 21, 2026. (*See* Local Rule 7.1(e)(2).) But Spencer never

filed a response to the motion. Accordingly, on October 13, 2026, the Court ordered Spencer to show cause, in writing, by no later than October 23, 2026, why the motion to dismiss should not be granted (the "Show Cause Order"). (*See* Show Cause Order, ECF No. 53.) The Court then warned Spencer that the "[f]ailure to respond to [the Show Cause Order] as required may result in dismissal of this action on the merits or for failure to prosecute." (*Id.*, PageID.301.) Spencer has not filed any response to the Show Cause Order. Nor has Spencer contacted the Court to request additional time to respond. Finally, Spencer has still not filed any response to Dr. Polavarupu's motion to dismiss.

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

The Court considers the following four factors when deciding whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (quoting *Knoll*, 176 F.3d at 363). Here, the Court concludes that all four of these factors supports dismissal of this action with prejudice.

The Court begins with the first factor: whether Spencer's failure to prosecute and comply with the Court's orders "is due to willfulness, bad faith, or fault." *Id.* "To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Id.* at 737 (quoting *Wu*, 420 F.3d at 643). That factor supports dismissal here. Spencer's actions, through counsel, reflect, at an absolute minimum, a "reckless disregard for effect of his conduct on [these] proceedings." Indeed, Spencer has not only failed to file any response to Dr. Polavarupu's motion to dismiss, he has also ignored the Court's express direction in the Show Cause Order to explain, in writing, why that motion should not be granted. Importantly, this is not the first time Spencer has ignored court-imposed deadlines or Court orders in

this case. As the Court has explained in detail (*see* Order, ECF No. 38), Spencer and/or his counsel previously:

- Failed to file a response to Dr. Polavarupu's December 20, 2024, motion to dismiss;
- Failed to file a response to the Magistrate Judge's February 24, 2025, order to show cause;
- Failed to appear for a July 14, 2025, status conference that the Court had set; and
- Failed to appear for a second, re-scheduled status conference on July 18, 2025, even after the Court issued an order specifically directing Spencer's counsel to appear for that conference.

For all of these reasons, the conduct of Spencer and/or his counsel throughout this case establishes a clear pattern of ignoring the rules and orders of this Court.

The second factor that the Court must consider is whether Dr. Polavarupu was prejudiced by Spencer's conduct. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 739 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). This factor also favors dismissal. On August 26, 2026, Dr. Polavarupu sought concurrence from Spencer prior to filing his (Dr. Polavarupu's)

motion to dismiss, “but concurrence was denied.” (Mot., ECF No. 52, PageID.280 at n. 1.) As a result of that denial, Dr. Polavarupu had to file his motion to dismiss. Spencer never filed a response. If Spencer did not intend to contest the motion to dismiss, he could have granted his concurrence and saved Dr. Polavarupu the time and expense from filing the motion. Spencer’s failure to do so caused Dr. Polavarupu prejudice.

The next factor that the Court considers is whether Spencer was provided prior notice that this action could be dismissed if he failed to comply with the Court’s orders and failed to prosecute his claims. This factor is a “key consideration” in the Court’s analysis, *Schafer*, 529 F.3d at 739, and it strongly favors dismissal of this action. The Court expressly warned Spencer in the Show Cause Order that his failure to comply with that order could result in the dismissal of his claims. (*See* Show Cause Order, ECF No. 53, PageID.301.) And Spencer has not complied with the Show Cause Order in any way or contacted the Court to ask for additional time to comply with the order. This factor therefore weighs heavily in favor of dismissing Spencer’s claims.

Finally, the Court has considered lesser sanctions and does not believe that any would be effective here. Spencer appears to have abandoned his claims. He has ignored both Dr. Polavarupu’s motion to dismiss and this Court’s Show Cause Order, and after the Court warned him that the failure to comply with the Show

Cause Order could result in the dismissal of his claims, he neither complied with the order nor contacted the Court to seek relief from the order. It does not appear to the Court that any sanction other than dismissal would compel Spencer to follow the Court's orders and/or prosecute his claims against Dr. Polavarupu. This seems especially true given that the Court previously dismissed this case due to Spencer's failure to prosecute and only reinstated his claims at the urging of his counsel. (*See* Orders, ECF No. 34, 41.) Thus, Spencer has already had his second bite of the apple. He has shown no entitlement to a third.

When the Court balances the four factors discussed above, it concludes that dismissal of this action due to Spencer's failures to comply with the Court's orders and prosecute his claims is the only appropriate sanction. Thus, for all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- The Show Cause Order (ECF No. 53) is **VACATED**;
- Spencer's First Amended Complaint (ECF No. 50) is **DISMISSED WITH PREJUDICE** for failure to prosecute; and
- Dr. Polavarupu's motion to dismiss (ECF No. 52) is **TERMINATED WITHOUT PREJUDICE AS MOOT**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126